IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN HOGUE,

      Petitioner,                    No. CIV S-06-2897 RRB EFB P

      vs.

CALIFORNIA BOARD OF PRISON
HEARINGS, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the December 26, 2006, petition, in which he claims that the Governor's reversal of his 2003 parole release date was not supported by evidence, the Board of Prison Terms and the Governor continue to apply an illegal policy in violation of due process and *ex post facto* laws, the Board failed to fix his release date, and the Governor is without legal authority to revoke his release date. Respondents move to dismiss this action upon the ground that the petition is untimely. Petitioner opposes, asserting that he is entitled to equitable tolling. For the reasons explained below, the court recommends that the motion be granted.

/////

/////

1

**I.      Procedural History**

On May 1, 1977, petitioner murdered a bartender by shooting him in the back of the head during a robbery. Pet., Ex. A, Transcript of August 2003 Hearing, at 7-8. Petitioner was convicted of first-degree murder and sentenced to life with the possibility of parole. He also received a five-year sentence for the use of a firearm. Petitioner's life term began on September 24, 1987. *Id*. at 1.

On August 15, 2003, petitioner appeared before the Board of Parole Hearings for a parole-consideration hearing. The board granted petitioner parole, pending review and approval by the Governor. *Id*., at 40-47. The Governor, however, reversed the Board's decision on January 12, 2004. Pet., Ex. B, Letter to Petitioner; *See also* Pet., at 3.

On or about March 15, 2004, petitioner improperly filed a petition for writ of habeas Corpus in the Sacramento County Superior Court. It was transferred to the Shasta County Superior Court, where it was properly filed on July 16, 2004. Resps.' Mot. to Dism., Ex. 1 (Shasta County Superior Ct. Pet., dated Feb. 18, 204, and Order filed Sept. 14, 2004); *See also* Pet., at 4. In that petition, petitioner challenged the Governor's decision reversing his 2003 grant of parole, claiming that there is no evidence supporting the decision, and that the Governor did not limit his review of petitioner's case to those matters considered by the Board.

On September 14, 2004, the Shasta County Superior Court denied petitioner's petition on the grounds that he offered no evidence in support of his claims. Pet., at 60-61. Petitioner subsequently filed petitions with the Third District Court of Appeal and the California Supreme Court, both of which were denied on December 29, 2004, and July 27, 2005, respectively. Pet., at 66, 69. The petition filed with the Supreme Court did not address the Governor's reversal of the parole grant, however. Instead, it generally claimed that the Board failed to set a primary term for him. *See generally*, Resps.' Mot. to Dism., Ex. 2.

Petitioner filed a second or successive petition in Shasta County Superior Court, which was denied on the merits on August 25, 2005. Pet., at 62-64. That petition again sought to

1 challenge the Governor's reversal of petitioner's 2003 grant of parole.  Petitioner again
2 subsequently filed petitions in the Third District Court of Appeal and the California Supreme
3 Court, and those petitions were denied on September 22, 2005, and July 26, 2006, respectively.
4 Pet., at 67, 70.  Neither court cited to any law as the bases for their decisions.

5      On December 26, 2006, petitioner filed the instant petition for writ of habeas corpus
6 challenging the Governor's January 12, 2004, decision reversing his 2003 grant of parole.

**II.     Standards**

8      A one-year limitation period for seeking federal habeas relief begins to run from the
9 latest of the date the judgment became final on direct review, the date on which a state-created
10 impediment to filing is removed, the date the United States Supreme Court makes a new rule
11 retroactively applicable to cases on collateral review or the date on which the factual predicate of
12 a claim could have been discovered through the exercise of due diligence.  28 U.S.C.
13 § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a
14 petition for certiorari expires.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The period is
15 not tolled "from the time a final decision is issued on direct state appeal [to] the time the first
16 state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The
17 period is tolled once a petitioner properly files a state post conviction application, and remains
18 tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).  In California, a
19 properly filed post conviction application is "pending" during the intervals between a lower
20 court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223
21 (2002).  A federal habeas application does not toll the limitations period under 28 U.S.C. §
22 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

23      A court may grant equitable tolling when "extraordinary circumstances beyond a
24 prisoner's control make it impossible to file a petition on time." *Calderon v. United States*
25 *District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).  "When external forces,
26 rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

Respondents contend that the instant petition is untimely because petitioner delayed more than a year in filing this action after exhausting state court remedies. The statute of limitations began to run on January 13, 2004, the day following the Governor's decision reversing the Board's parole grant. Petitioner immediately began pursuing his state court remedies at that time. Petitioner filed a petition in the Shasta County Superior Court, followed by a petition in the California Court of Appeal, and finally, a petition in the California Supreme Court. *See* Resps.' Mot. to Dism., Exs. 1 & 2; *see also* Pet., at 3-4. These petitions generally challenged the Governor's 2004 decision on various grounds. On July 27, 2005, the California Supreme Court denied petitioner's petition, thus exhausting his state judicial remedies with respect to his claims arising from the Governor's January 12, 2004, decision reversing the grant of parole.

Petitioner did not file the instant petition until December 26, 2006, nearly one-and-a-half years after the California Supreme Court denied his petition. Thus, the petition is untimely and must be dismissed.

Petitioner attempted to raise additional claims challenging the Governor's January 12, 2004, decision by filing a separate petition for writ of habeas corpus on July 12, 2005, in the Shasta County Superior Court. Resps.' Mot. to Dism., Ex. 3; *see also* Pet., at 5. Specifically, he attempted to add claims challenging the Governor's decision on the grounds that his rights were violated based on a no-parole policy and that the Governor's review was an *ex post facto* violation. *Id.*, Exs. 3, 4, and 5. Those claims are also untimely.

4

Petitioner's second round of habeas petitions does not entitle him to tolling, as those petitions were not "properly filed" applications so as to provide tolling within the provisions of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("[w]hen a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).").

Petitioner argues that California's timeliness rule is inadequate, because the rule is so overly vague that there is no sufficient notice of how petitioners may avoid violating the rule. The argument is unresponsive. His state petitions raising the issues he seeks to present here were denied on their merits, not on the basis of untimeliness. It is the instant petition that is untimely. For that reason, the court recommends that respondents' motion to dismiss be granted.

Petitioner attributes any delay in filing to his jailhouse lawyer's mistake and gross negligence, which the court construes as a plea for equitable tolling. As stated above, petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Petitioner has not alleged sufficient facts to demonstrate how his reliance on a jailhouse lawyer caused him to file his federal petition beyond AEDPA's one-year statute of limitations. Petitioner is therefore not entitled to equitable tolling.

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' June 8, 2007, motion to dismiss be granted; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

5

1  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2  Dated: February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE