IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOGUE,<br><br>              Petitioner,<br><br>        vs.<br><br>CALIFORNIA BOARD OF PRISON HEARINGS, et al.,<br><br>              Respondents. | Case No. 2:06-cv-02897 JKS EFB P<br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks to challenge the Governor of California's reversal of his 2003 parole release date and the Board of Prison Terms' 1978 failure to set a primary term.  Respondent filed a motion to dismiss, alleging that Petitioner's application was untimely.  Docket Nos. 10 and 11.  Petitioner opposed the motion.  Docket No. 13.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On February 20, 2008, the magistrate judge filed findings and recommendations herein, recommending Petitioner's application be dismissed as untimely.  Docket No. 14.  Petitioner filed objections.  Docket No. 15.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the portions of the findings and recommendations to which objection has been made.  Having carefully reviewed the file the Court finds that Petitioner's application must be dismissed as untimely under 28 U.S.C. § 2244(d).

## BACKGROUND

      Petitioner was convicted in 1977 of murder in the first degree and sentenced to a term of seven years to life.  On August 15, 2003, the Board of Prison Terms ("BPT") found Petitioner

1

suitable for parole.  Docket No. 10-2 at 69-76.  Governor Schwarzenegger reversed the suitability determination and denied parole on January 12, 2004.  Docket No. 10-2 at 16-19.

Petitioner filed an application for habeas corpus with the Sacramento County Superior Court, on or about March 15, 2004.  Docket No. 10-2 at 6.  Petitioner sought to challenge the Governor's January 2004 reversal of the BPT's suitability determination.  Docket No. 10-2 at 6-11. On April 13, 2004, Sacramento County Superior Court transferred the case to Shasta County Superior Court as Petitioner's application was properly heard by the court where the original conviction was entered.  Docket No. 10-2 at 4.  The case was filed in Shasta County Superior Court on July 16, 2004.  *Id*.  The petition was denied on September 14, 2004, on the grounds that Petitioner had named only the Governor as respondent, and had not complied with California's rules regarding service.  Docket No. 10-2 at 2.  The court also noted for the sake of argument that Petitioner's claims would have failed for lack of support.  *Id*.

On October 14, 2004, Petitioner filed a new application for habeas corpus with the Shasta County Superior Court.  Docket No. 10-3 at 49.  This new petition did not challenge the Governor's 2004 denial of parole.  *See id*.  Rather, Petitioner sought to challenge the BPT's 1978 failure to set a determinate sentence.  *Id*.  The court denied the petition as untimely on November 17, 2004, and noted that it would have failed on the merits as well.  *Id*. at 49-50.  This challenge was presented to the California Court of Appeal on December 20, 2004, and denied without comment on December 29, 2004.  *See* Docket No. 10-3 at 16, 51.  On February 15, 2005, the challenge was presented to the Supreme Court of California and denied without comment on July 27, 2005.  Docket No. 10-3 at 2-3.

On July 10, 2005, Petitioner revisited the Governor's 2004 denial of parole in a new petition filed in Shasta County Superior Court.  Docket No. 10-4 at 2-11.  The court rejected the merits of Petitioner's arguments on August 25, 2005.  Docket No. 10-4 at 2-4.  Petitioner's claims were presented to the California Court of Appeal on September 21, 2005, and denied without comment on September 22, 2005.  Docket No. 11-2 at 2.  On October 6, 2005, the claims were raised to the Supreme Court of California and denied without comment on July 26, 2006.  Docket No. 11-6 at 2-3.

ORDER

On December 26, 2006, Petitioner filed his federal application for habeas corpus challenging both the Governor's 2004 denial of parole and the BPT's failure to set a definite term.

The following tables summarize Petitioner's state post-conviction proceedings by pertinent claim.

<u>Petitioner's challenge to the BPT's 1978 failure to set a primary term</u>

| October 14, 2004 | Petitioner filed #04HB7763 in Shasta County Superior Court. |
| --- | --- |
| November 17, 2004 | Petition #04HB7763 denied as untimely. |
| December 20, 2004 | Petitioner presented claim to California Court of Appeal. |
| December 29, 2004 | California Court of Appeal denied petition without comment. |
| February 15, 2005 | Petitioner presented claim to Supreme Court of California. |
| July 27, 2005 | Supreme Court of California denied petition without comment. |

<u>Petitioner's challenge to the January 12, 2004, denial of parole</u>

| March 15, 2004 | Petitioner filed #04F02552 in Sacramento County Superior Court. |
| --- | --- |
| April 13, 2004 | Sacramento County orders case transferred to Shasta County. |
| July 16, 2004 | Case filed in Shasta County Superior Court as #04HB5345. |
| September 14, 2004 | Petition #04HB5345 denied for procedural defects. |
|  |  |
| July 10, 2005 | Petitioner filed #05HB5008 in Shasta County Superior Court. |
| August 25, 2005 | Petition #05HB5008 denied. |
| September 21, 2005 | Petitioner presented claim to California Court of Appeal. |
| September 22, 2005 | California Court of Appeal denied petition without comment. |
| October 6, 2005 | Petitioner presented claim to Supreme Court of California. |
| July 26, 2006 | Supreme Court of California denied petition without comment. |

**LEGAL STANDARD**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits prisoners in custody pursuant to a state court judgment to one year for filing a federal petition for habeas corpus. 28 U.S.C. § 2244(d)(1). AEDPA's one-year statute of limitations applies to all federal habeas corpus

ORDER

3

petitions filed after the statute was enacted and therefore applies to the pending petition. *See Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997).

AEDPA provides that the statute of limitation begins to run from the latest of: (A) "the date on which the judgment became final;" (B) the date on which the impediment to filing an application created by State action . . . is removed;" (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court;" or (D) "the date on which the factual predicate of the claim or claim presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). In the case of denial of parole, the one-year statute of limitations begins to run the day after the factual predicate could have been discovered by due diligence. *See Redd v. McGrath*, 343 F.3d 1077, 1080-84 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004). However, "[t]]he time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2) (emphasis added); *see also, Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003). Tolling extends to the first and any subsequent rounds of state post-conviction proceedings. *See Delhomme v. Ramirez*, 340 F.3d 817, 820-21 (9th Cir. 2003); *see also Biggs*, 339 F.3d at 1047-48. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application that is untimely under state law is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Under California's unique collateral review system, the state prisoner must file an original petition for writ of habeas corpus with each court within a reasonable period of time rather than a notice of appeal. *Carey v. Saffold*, 536 U.S. 214, 221-22 (2002). If the delay between filings is unreasonable, the petition is no longer "pending" for purposes of tolling the statute of limitations during this period. *Id.* at 225-26. If reasonable, the petition is considered pending until the full round of post-conviction proceedings has concluded with a decision of the California Supreme Court. *Id.* at 222-23. An unjustified delay of six months would not be reasonable. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006).

/////

ORDER

4

**DISCUSSION**

1. Statutory Tolling

Petitioner's challenges to the BPT's 1978 failure to set a primary term, and the Governor's 2004 denial of parole are distinct. Petitioner challenges the BPT's failure to set a primary term no later than October 1, 1978. Petitioner also challenges the Governor's January 12, 2004, denial of parole. This is not the case where a petitioner has simply changed arguments. *See Carey*, 536 U.S. at 222, 224 (tolling gap between ascending applications where petitioner changed claims). Here, Petitioner filed applications challenging distinct acts done over 25 years apart. Statutory tolling applies only for properly filed applications "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner's applications concerning only the 1978 inaction of the BPT did not toll the period of limitations with regard to the Governor's 2004 denial, and vice versa. *See id.* Accordingly, the Court analyzes the timeliness of Petitioner's distinct challenges separately.[1]

A. Petitioner's Challenge to the BPT's Failure to Set a Primary Term

This claim dates back initially to 1978, well before the enactment of AEDPA. The period of limitations therefore began to run on the effective date of AEDPA and expired on April 24, 1997. *See Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Petitioner's application submitted on December 26, 2006, was therefore untimely.

Even if the Court were to presume that the limitation period had not begun to run until January 13, 2004, Petitioner's federal application would still be untimely. First, Petitioner's state application concerning the BPT's failure did not toll the period of limitation because it was denied as untimely and therefore not properly filed. *See Pace*, 544 U.S. at 417. Second, even if the Court were to toll this period, it would account for less than one of the three years that expired between January 13, 2004, and Petitioner's federal application on December 26, 2006. Petitioner's federal application is clearly untimely even with statutory tolling.

---

[1] It is unclear whether the magistrate judge kept these distinct. The Court accordingly writes this Order to supplement the findings and recommendations. As the magistrate judge reached the correct conclusion, the findings and recommendations will be adopted to the extent they are not inconsistent with this Order.

ORDER

5

      B.  Petitioner's Challenge to the Governor's January 12, 2004, Denial of Parole

      The Governor reversed the BPT's suitability finding and denied parole on January 12, 2004. The period of limitations began to run the following day. *See Redd*, 343 F.3d at 1080-84; *Shelby*, 391 F.3d at 1062.  Sixty-two days had run when the clock stopped upon the filing of Petitioner's initial petition in Sacramento County Superior Court on March 15, 2004.  This petition was denied on September 14, 2004.  Petitioner's next filing with respect to the Governor's 2004 denial of parole was in the Shasta County Superior Court on July 10, 2005.  The central question here is whether the 298-day gap should be tolled between Shasta County Superior Court's denial of Petitioner's initial petition on September 14, 2004, and the filing of Petitioner's July 10, 2005, application in the Shasta County Superior Court.  The Court finds that Petitioner's application was not "pending" during this lengthy gap as the delay was clearly unreasonable.  *See Evans*, 546 U.S. at 201 (gap of six months unreasonable).  As the gap cannot be tolled under these circumstances, 360 days had run when the clock was stopped by Petitioner's July 10, 2005, application.  The clock remained stopped until July 26, 2006, when the Supreme Court of California denied Petitioner's challenge to the Governor's 2004 denial of parole.  As another 152 days subsequently ran before Petitioner filed the current Petition in federal court, his Petition was clearly untimely even accounting for statutory tolling.

2.  Equitable Tolling

    Because Petitioner's federal habeas petition is untimely, the Court must dismiss it unless he demonstrates that he is entitled to equitable tolling of the statute of limitations. The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). Equitable tolling will be unavailable in most cases.  *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  In the present case, the Court finds that Petitioner has failed to demonstrate that he is entitled to equitable tolling.

ORDER

Petitioner argues he should receive equitable tolling on account of grossly incompetent legal assistance rendered by a fellow inmate and his own lack of understanding.  Docket Nos. 13 at 1-2; 15 at 2.  The magistrate judge found that Petitioner's argument for equitable tolling failed because he failed to allege sufficient facts to demonstrate how his reliance on a fellow inmate caused him to file his federal petition beyond AEDPA's one-year statute of limitations.  Docket No. 14 at 5.  The Court agrees that Petitioner's conclusory claim that bad advice from a fellow inmate caused him to miss the deadline is unavailing.  *See Lawrence*, 127 S. Ct. at 1085 (attorney mistake "simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").  As Petitioner has failed to demonstrate any extraordinary circumstances, equitable tolling is not available.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed February 20, 2008, are adopted to the extent they are not inconsistent with this Order;

2. Respondent's motion to dismiss at Docket Nos. 10 and 11 is GRANTED;

3. Petitioner's application for a writ of habeas corpus is DISMISSED; and

4. The Clerk shall enter judgment accordingly.

Dated this the 13th day of June 2008.

      /s/ James K. Singleton, Jr.
      **JAMES K. SINGLETON, JR.**
      United States District Judge

ORDER